364 July 8, 2026 No. 643

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

COLLEGE HOUSING NORTHWEST, LLC
and The Amy,
*Plaintiffs-Respondents.*

*v.*

Andrew LATIMER
and all others,
*Defendant-Appellant.*

Multnomah County Circuit Court
24LT18644; A186271

Kenneth Avery Stafford, Judge.

Submitted June 2, 2026.

Andrew B. Latimer filed the brief *pro se*.

Marcel Gesmundo and Andor Law PC filed the brief for respondents.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Plaintiff landlord brought a forcible entry and wrongful detainer (FED) action to recover possession of residential premises that he rented to defendant tenant. *See* ORS 105.110; ORS 105.124. When tenant did not appear for trial on November 13, 2024, landlord put on evidence sufficient to satisfy their *prima facie* burden, and the trial court entered a judgment which awarded landlord possession. At a subsequent hearing on December 6, 2024, the trial court denied tenant's motion under ORCP 71 B(1) to set aside the judgment and entered that order on December 16, 2024. Tenant now appeals.[1]

Tenant argues that the trial court erred at the December 6, 2024, hearing on his ORCP 71 B(1) motion when it refused to receive evidence relating to his eviction defenses, and argues that his due process rights were therefore violated. ORCP 71 B(1), in relevant part, allows a trial court to "relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]" As the party seeking relief from the judgment under ORCP 71 B(1), tenant bore the burden of proving facts demonstrating that he had a reasonable excuse for his failure to appear at the November 13, 2024 trial. *See Johnson v. Sunriver Resort Limited Partnership*, 252 Or App 299, 308, 287 P3d 1153 (2012), *rev den*, 353 Or 280 (2013) (stating that "a party seeking relief from default under ORCP 71 B(1)(a) must show that its default was the result of mistake, inadvertence, surprise, or excusable neglect"). Whether certain conduct or inaction constitutes excusable neglect is a question of law that we review for legal error, but we review the

---

[1] Tenant filed a notice of appeal on January 13, 2025, and amended that appeal on February 14, 2025 (filed on February 20, 2025). Each of these notices states that tenant "appeals the judgment entered in this case on 12/16/2024." The order entered on December 16, 2024, was an order denying tenant's motion under ORCP 71 B(1) to set aside the judgment. None of the notices of appeal include a copy of the judgment, decree, or order appealed from as required by ORAP 2.05(12), 4.15(2), or 5.50(2)(a).

The underlying judgment was entered on November 13, 2024. Therefore, we understand that tenant is appealing the order entered on December 16, 2024. *See* ORS 19.255 ("Except as provided in this section, a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register.").

trial court's ultimate decision whether to grant relief for abuse of discretion. *Id.* at 306.

Tenant does not argue that the trial court erred in determining that he failed to meet his burden under ORCP 71 B(1). Instead, tenant argues that "[t]he trial court erred by granting judgment of eviction while denying [tenant] a full opportunity to be heard and to present evidence supporting a defense based on habitability and fairness under Oregon landlord-tenant law." But the trial court did not grant a judgment of eviction at the December 6, 2024, hearing. There, in denying tenant's OCRP 71 B(1) motion, the trial court determined that "it was quite clear by the end of [the initial] hearing in September what the trial date was," and that "there would have been a piece of paper as well as an additional piece of paper notifying [tenant] that was mailed to [tenant]." In the trial court's subsequent order, the trial court stated that it was denying tenant's motion because there was an "insufficient basis for relief established."

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court abused its discretion in denying tenant's ORCP 71 B(1) motion. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling or rulings challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[2] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193,

---

[2] *See, e.g.*, ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

*adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered tenant's arguments, and we are unpersuaded that the trial court erred in the ways claimed. The judgment is affirmed.

Affirmed.